IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LARRY A. RENFROE, | Civil No.: 2:15-cv-02219-JE |
| Plaintiff, | FINDINGS AND |
| v. | RECOMMENDATION |
| NANCY A. BERRYHILL,[1] | |
| Acting Commissioner of Social Security, | |
| Defendant. | |

James S. Coon
Scott A. Sell
Thomas, Coon, Newton, & Frost
820 SW 2nd Ave., Suite 200
Portland, OR 97204

    Attorneys for Plaintiff,

  v.

Billy J. Williams, U.S. Attorney
Janice E. Hébert, Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

Heather L. Griffith
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 20, 2017, and is therefore substituted as the Defendant in this action pursuant to Fed. R. Civ. Pro. 25(d).

FINDINGS & RECOMMENDATION - 1

JELDERKS, Magistrate Judge:

Larry Renfroe ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1381a seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). For the reasons that follow, the Commissioner's decision should be reversed, and this case remanded for further proceedings.

**Procedural Background**

Plaintiff filed his application for SSI on February 11, 2011, alleging disability beginning September 1, 2002. Tr. 15, 124. After Plaintiff's claim was denied initially and on reconsideration, a hearing was convened on May 13, 2014, before Administrative Law Judge ("ALJ") James W. Sherry. See Tr. 32-58. The ALJ issued a decision on July 22, 2014, finding Plaintiff not disabled. Tr. 15-25. The decision became the final decision of the Commissioner on September 28, 2015, when the Appeals Council denied Plaintiff's request for review. Tr. 1-3. Plaintiff now appeals to this court for review of the Commissioner's final decision.

**Background**

Born May 5, 1954, Plaintiff was 48 years old on the alleged onset date. Tr. 74. Plaintiff attended school through the tenth grade. Tr. 148. He has past relevant work in building maintenance and repair; as an industrial cleaner; and as a fire fighter. Tr. 23. Plaintiff alleges disability due to arthritis, scoliosis, post-traumatic stress disorder ("PTSD"), dyslexia, and problems with his liver and kidneys. Tr. 74.

///

///

///

## Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920. The five step sequential inquiry is summarized below, as described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity. A claimant who is engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under step two. 20 C.F.R. § 416.920(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have any such impairment is not disabled. If the claimant has one or more severe impairment(s), the Commissioner proceeds to evaluate the claimant's case under step three. 20 C.F.R. § 416.920(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration ("SSA") regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has an impairment that meets a listing is presumed disabled under the Act. If the claimant's impairment does not meet or equal an impairment listed in the listings, the Commissioner's evaluation of the claimant's case proceeds under step four. 20 C.F.R. § 416.920(d).

Step Four. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do past relevant work, the Commissioner's evaluation of claimant's case proceeds under step five. 20 C.F.R. § 416.920(f).

Step Five. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that claimant is able to perform. The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE"), or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant is able to do, the claimant is not disabled. If the Commissioner does not meet the burden, the claimant is disabled. 20 C.F.R. § 416.920(g)(1).

At steps one through four of the sequential inquiry, the burden of proof is on the claimant. Tackett, 180 F.3d at 1098. At step five, the burden shifts to the Commissioner to show the claimant can perform jobs that exist in significant numbers in the national economy. Id.

**The ALJ's Decision**

At the first step of the disability analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date, February 11, 2011. Tr. 17.

At the second step, the ALJ found Plaintiff had the following severe impairments: lumbar degenerative disc disease, asthma, scoliosis, and hypertension. Id. The ALJ additionally noted that Plaintiff's medically determinable adjustment disorder with anxiety and depressed mood, and substance use, did not cause more than a slight limitation on his ability to perform basic work activities. Id.

At the third step, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the Listings, 20 C.F.R. Pt. 404, Subpt. P, App. 1. Tr. 19.

Before proceeding to the fourth step, the ALJ assessed Plaintiff's residual functional capacity ("RFC"). He found Plaintiff retained the capacity to:

> [P]erform medium work . . . [he] can stand or walk six hours in an eight hour workday and can sit for six hours in an eight-hour workday . . . can frequently climb ladders, ropes, scaffolds, ramps, and stairs . . . can frequently stoop . . . can perform work that avoids concentrated exposure to extreme cold . . . [and] concentrated exposure to wetness and pulmonary irritants such as fumes, odors, dusts, chemicals, gasses, and poorly ventilated areas.

Tr. 20.

At the fourth step of the disability analysis, the ALJ found Plaintiff was able to perform his past relevant work in building maintenance and repair, and as an industrial cleaner. Tr. 23.

At the fifth step of the analysis, the ALJ alternatively found Plaintiff retained the capacity to perform the following occupations which exist in significant numbers in the national economy: laundry worker II, dining room attendant, and merchandise deliverer. Tr. 25.

Accordingly, the ALJ found Plaintiff was not disabled within the meaning of the Act from the application filing date, February 11, 2011, through the date of the ALJ's decision, July 22, 2014. Id.

## **Standard of Review**

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Claimants bear the initial burden of establishing disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at step five of the disability analysis process. Tackett, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

## Discussion

Plaintiff asserts the ALJ erred by: (1) discounting the medical opinion evidence provided by his treating physician; and (2) finding the medical record did not establish Plaintiff met Listing § 1.04 because there was no evidence of nerve root compression; and finding no evidence of inability to ambulate effectively.

I. <u>Medical Opinion Evidence: Treating Physician Dr. Wood</u>

Plaintiff argues the ALJ erred by according diminished weight to the medical opinion evidence of his treating physician, Dr. Wood. The ALJ is responsible for resolving conflicts in the medical record, including conflicting physicians' opinions. Carmickle v. Comm'r. Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. Lester v. Chater, 81 F.3d at 830. A treating physician's opinion that is not contradicted by the opinion of another physician can be rejected


FINDINGS & RECOMMENDATION - 6

only for "clear and convincing" reasons. Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If, however, a treating physician's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating physician's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with the medical records, inconsistency with a claimant's testimony, or inconsistency with a claimant's ADLs. Tommasetti v. Astrue, 533 F.3d at 1035, 1040 (9th Cir. 2008).

In November 2012, Dr. Woods provided a medical opinion that Plaintiff has "significant lumbar [degenerative joint disease] with sciatic[a] and that this causes significant limitation in his ability to do many types of physical activities." Tr. 284. Dr. Woods also opined that Plaintiff would need to alternate between sitting and standing and recline for a significant portion of the day. Id. The ALJ rejected the opinion, noting that it failed to "fully account for claimant's inconsistent behavior and is not consistent with the objective medical evidence." Tr. 23.

Plaintiff argues neither of the ALJ's rationales for rejecting Dr. Woods' opinion meets the requisite legal standard. Pl.'s Br. 6. First, Plaintiff argues that the ALJ erred in determining Dr. Woods' opinion was not consistent with the medical evidence. Id. The Court agrees. At step three of the sequential evaluation process, the ALJ determined that the "medical evidence does not establish the requisite evidence of nerve root compression . . . as required under listing 1.04." Tr. 19. However, the record contains an MRI of Plaintiff's lumbar spine that was interpreted as showing nerve root compression at two points. Indeed, the Commissioner concedes that the ALJ erred by not finding nerve root compression, although the Commissioner contends the error was

harmless in terms of establishing Listing § 1.04. Def.'s Br. 8 ("the error did not affect the outcome of the step three analysis").

Further, the ALJ does not identify what portion of Dr. Woods' opinion was inconsistent with the objective evidence. Although the ALJ noted that Dr. Woods stated "at times his complaints did not have clear-cut anatomic correlations," the ALJ did not provide any further analysis of Dr. Woods' November 2012 opinion. Tr. 23. Despite recognizing that not all of Plaintiff's symptoms had objective correlation, the doctor cited the MRI results noted above, and indicated "there is no doubt in my mind that he has significant lumbar [degenerative joint disease] with sciatic[a] and that this causes significant limitation in his ability to do many types of physical activity." Tr. 283, 284.

The ALJ's broad, generalized statement that Dr. Woods' opinion was inconsistent with the medical record, without more, does not meet the specific and legitimate legal standard. Rather, the ALJ must provide a basis upon which a reviewing court could conclude that he did not reject the doctor's opinion arbitrarily. Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) (ALJ erred in failing to specifically identify purported inconsistencies between testimony and the medical record). Although Brown-Hunter addressed the need for specificity with regard to a plaintiff's symptom allegations, the same principle applies to medical opinion testimony: an ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). Although the Commissioner presents several citations to the record the ALJ might have invoked in supporting his finding, those reasons are *post-hoc* rationales, which the reviewing Court may not use as a

basis for affirming the Commissioner's non-disability determination. See, e.g., Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014); Def.'s Br. 6, 7, 9. It is not sufficient for the ALJ to provide a thorough discussion of the medical evidence if the ALJ fails to identify what evidence undermines a doctor's medical opinion. As such, the ALJ erred.

The ALJ's second reason for rejecting Dr. Woods' opinion was that it did not "fully account for the claimant's inconsistent behavior." Tr. 23. While Plaintiff argues the proffered rationale is also too vague to track, it is clear to the Court that the ALJ is referring to the "pain behaviors" noted by Dr. Mike Henderson, who performed a one-time consultative examination in April 2011. Dr. Henderson strongly suspected Plaintiff was malingering: he stated he would not place any physical work restrictions on Plaintiff because there were "too many red flags indicating illness behavior." Tr. 251. However, although the ALJ invoked Plaintiff's pain behavior as a reason to discount Dr. Woods' opinion, the ALJ also discounted (to a degree) Dr. Henderson's opinion, noting that "Dr. Henderson did not have the opportunity to review additional objective medical evidence, which supports additional limitations." Tr. 22.

Specifically, Dr. Henderson did not have the opportunity to examine the 2012 MRI findings showing nerve root compression, which the parties agree the ALJ interpreted erroneously, and which formed the objective basis of Dr. Woods' opinion. See Tr. 249 (Dr. Henderson's record review included only "notes from Dr. Rusty Woods and adult function report"), 250 (Dr. Henderson's past medical history did not include lumbar degenerative joint disease), 283 (Dr. Woods summarizing 2012 MRI). Thus, using circular reasoning, the ALJ accorded diminished weight to Dr. Henderson's opinion because Dr. Henderson was unaware of the anatomic correlation to Plaintiff's pain behavior revealed by the MRI, but accorded even less weight to Dr. Woods' opinion because it failed to account for Dr. Henderson's observations of

non-anatomic pain behavior. Tr. 22, 23. In so doing, the ALJ gave more weight to the consultative examiner's opinion, despite tacitly finding it was undercut by the medical imaging evidence.

The ALJ's weighing of the evidence was therefore contrary to the agency's own regulations. "Generally, more weight will be given to opinions from treating sources, because they are likely to be able to provide a longitudinal picture of impairment(s), and bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone . . . ." 20 C.F.R. § 416.927(c)(2). Even where an ALJ *does not find* that a treating source's medical opinion is well-supported by the medical evidence or consistent with the record, it is still entitled to deference, and must be weighed using all the factors provided in the regulations. Orn v. Astrue, 496 F.3d 625, 631 (9th Cir. 2007); see 20 C.F.R. § 416.927(c) (factors include: examining relationship, treatment relationship (including length, nature and extent), supportability, consistency, specialization, and other relevant factors). Here, the ALJ did not discuss *any* of the factors, a failure which "alone constitutes reversible legal error." Trevizo v. Berryhill, 862 F.3d 987, 998 (9th Cir. 2017).

Accordingly, the ALJ erred by failing to provide legally sufficient rationales for according greater weight to Dr. Henderson's opinion than Dr. Woods'. Because according lesser weight to Dr. Woods' opinion potentially affected the ultimate non-disability determination, the error is not harmless and remand is required.[2] Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir.

---

[2] The Court notes that subsequent to the ALJ's decision, Dr. Woods provided an additional medical opinion which the Appeals Council made part of the record, and which further explains the nature and extent of Plaintiff's degenerative disc disease symptoms and the 2012 MRI results. Tr. 298-300. On remand, the ALJ must evaluate the new opinion and, if applicable, provide legally sufficient reasons for rejecting Dr. Woods' additional analysis. 20 C.F.R. § 416.927(c).

2012) (An ALJ's "error is harmless only if it is inconsequential to the ultimate non[-]disability determination.").

II.  Listing § 1.04

At step three, the ALJ indicated he gave "particular attention to listing 1.04." Tr. 19. If a claimant has "an impairment which meets the duration requirement and is listed . . . or is equal to a listed impairment, the SSA will find you disabled without considering your age, education, and work experience." 20 C.F.R. § 416.920(d). The "[l]isted impairments are purposefully set at a high level of severity because the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." Kennedy v. Colvin, 738 F.3d 1172, 1176 (citation omitted). Listing § 1.04 covers disorders of the spine resulting in compromise of the nerve root or the spinal cord. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04. In order to establish Listing § 1.04, a claimant must demonstrate:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal archnoditis . . . ; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

Id. Here, the ALJ concluded that the record "did not establish the requisite evidence of nerve root compression . . . [and] there is no evidence that the claimant's back disorder has resulted in an inability to ambulate effectively." Tr. 19. Plaintiff argues that the ALJ made two erroneous findings of fact at step three of the sequential process which resulted in error in finding Plaintiff

FINDINGS & RECOMMENDATION - 11

did not meeting Listing § 1.04. The Commissioner concedes the ALJ erred in finding no evidence of nerve root compression; however, the Commissioner maintains that the error was harmless because Plaintiff "cannot show, and does not argue" that he meets or equals Listing § 1.04. Def.'s Br. 8.

The Commissioner maintains that any error by the ALJ in failing to recognize nerve root compression at step three was harmless because Plaintiff did not establish that he met all of the criteria for Listing § 1.04. Def.'s Br. 8 (quoting Sullivan v. Zebley, 493 U.S. 521, 531 (9th Cir. 1990)). Plaintiff argues that "nerve root compression is one of two elements that satisfy listing 1.04. The other element is the inability to ambulate effectively as defined by [listing] 1.00B2b." Pl.'s Reply 3 n.1, 10. Plaintiff's statement does not precisely state the law. Listing § 1.04A requires not only "evidence of nerve root compression," but also "neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness accompanied by sensory or reflex loss," *and*, because Plaintiff's allegation involves his lower back, "positive straight-leg raising test" *or* the findings set forth in § 1.04C. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04. Although the ALJ may have stopped analyzing § 1.04A after erroneously finding no nerve root compression, in order to demonstrate the error was harmful at step three, it remains incumbent on Plaintiff to establish "all of the specified medical criteria . . . an impairment that manifests only some of those criteria, no matter how severely, does not qualify." Zebley, 493 U.S. at 530. Nowhere in Plaintiff's briefs does he demonstrate how he meets all the requirements of Listing § 1.04A aside from identifying evidence of nerve root compression; as such, Plaintiff's argument is incomplete, and therefore fails. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) (it is not the Court's responsibility to manufacture arguments for an appellant) (citation omitted).

Plaintiff's assignment of error regarding inability to ambulate effectively fails for the same reason. Pl.'s Reply 8-9, 10-11. Although Plaintiff is correct in asserting that ineffective ambulation criteria under Listing § 1.00B2b, and by extension Listing § 1.04C, "[is] not limited to[] the inability to walk without the use of a walker, two crutches, or uneven surfaces," Plaintiff has not demonstrated harm, because Plaintiff has not established *all* of the criteria for Listing § 1.04. See supra; Zebley, 493 U.S. at 530; see also Dobson v. Astrue, 267 Fed. App'x 610, 612 (9th Cir. 2008) (use of two-handed assistive device is not necessary to establish ineffective ambulation under § 1.00B2b). Accordingly, any error by the ALJ in failing to find ineffective ambulation at step three was harmless. Molina, 674 F.3d at 1115.

III.     Remand

Because the ALJ erred in assessing the medical opinion of Dr. Woods the ALJ's RFC formulation was not properly based on substantial evidence in the record and, therefore, the ALJ's findings at steps four and five were invalid. Accordingly, remand is appropriate. Because Plaintiff does not argue that the case should be remanded for immediate payment of benefits, the Court declines to undertake the Ninth Circuit's credit-as-true analysis. Pl.'s Br. 10; Pl.'s Reply 11; Indep. Towers of Wash., 350 F.3d at 929; see, e.g., Garrison, 759 F.3d at 1021.

This case should be remanded to the Commissioner with instructions to re-weigh the medical opinion evidence provided by Dr. Woods, including the additional medical opinion evidence that Dr. Woods submitted to the Appeals Council and which subsequently was made part of the administrative record.

///

///

///

**Recommendation**

For the reasons discussed above, the Commissioner's final decision is not based on substantial evidence or free from harmful legal error. Accordingly, the Commissioner's decision should be REVERSED and this case REMANDED for further proceedings.

**Scheduling Order**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 15, 2017. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 31st day of August, 2017.

                                                                 /s/ John Jelderks
                                                                 John Jelderks
                                                                 U.S. Magistrate Judge